# EXHIBIT A

Fadi Kayyali And Rola Elsaadi-39171 Woodland Trail Avon, OH 44011]

**IN THE COURT OF COMMON PLEASE**
**CUYAHOGA COUNTY, OHIO**

2021 MAR -1 P 12:59

CLERK OF COURTS
CUYAHOGA COUNTY

FADI KAYYALI AND ROLA ELSAADI

    Plaintiffs, pro se

v.

AMERICAN ARBITRATION ASSOCIATION.

    Defendant.

Civil Action

**COMPLAINT**

Judge:
MICHAEL P SHAUGHNE
CV 21 944565

Complaint

CV21944565    110224138



Plaintiffs, Fadi Kayyali and Rola Elsaadi collectively "Plaintiffs"), by way of Complaint against the American Arbitration Association ("AAA") say:

**JURISDICTION AND VENUE**

1. Plaintiffs assert and allege that Defendants' conduct, collectively and individually, constitutes violations of various civil causes of action.

2. Said violations have impacted Plaintiffs, who resides at 39171 Woodland Trail Avon, OH 44011, Lorain County, Ohio.

3. This Court has venue to hear this case pursuant to Ohio Civ. R. 3(b)(1) and (3), in that the AAA office is located at 600 Superior Avenue East, Suite 1300 Cleveland, OH 44114, the underlying Arbitration was decided by Arbitrator Zeiser, located in Cleveland, Ohio, during a hearing that took place at the same above address and the negligent and reckless conduct of the Defendant impacted Plaintiffs, located at 39171 Woodland Trai Avon, OH 44011.

### DEFENDANTS

4. Defendant, American Arbitration Association, is a natural person, with offices located at 600 Superior Avenue East, Suite 1300 Cleveland, OH 44114.

5. Mr. Daniel g. Zeiser served as the arbitrator during the course of the Arbitration captioned M Ammar Alkatib and Global Progressive Services, LLC, Fadi Kayyali and Rola Elsaadi- Case No. 01-19-0000-9077 **(Arbitrator's File No.: 19014) (h**ereinafter referred to as the "Arbitration").

6. Mr. Zeiser is an Arbitrator, assigned to matters through AAA, with offices located in Cleveland Ohio. Mr. Zeiser presided over the Arbitration.

7. AAA is a dispute resolution forum, wherein Plaintiff was a party to an action.

### STATEMENT OF FACTS

8. Plaintiffs were parties to an employment agreement with M. Ammar Alkatib. Both parties filed various employment related claims that ultimately resulted in the matter being sent to Arbitration.

9. On April 22, 2020, Arbitrator Zeiser issued his final award (the "Award").

10. Plaintiffs Did not receive a copy of same until September 1, 2020 - roughly four (4) months late.

11. Defendants' failure to property serve Plaintiffs with a copy of same resulted in grave prejudice to Plaintiffs.

12. More specifically, Arbitrator Zeiser through the AAA emailed the Award to an incorrect email address. Moreover, the Arbitration failed to serve the Award through any other manner.

13. **AAA appears to have no procedure in place and/or mechanism in place to ensure this precise occurrence does not take place.**

14. Initially, Plaintiffs were unaware of a final decision until after the period to file an appeal had expired and after Mr. Alkatib had sought to enforce his judgment, including placing a lien on Mr. Kayyali's home.

15. As a result of Defendants' failures, Plaintiffs have suffered irreparable harm, including substantial loss of money and reputation.

**PLAINTIFF'S FIRST CAUSE OF ACTION**

**NEGLIGENCE/VIOLATION OF REASONABLE CARE**

16. Plaintiffs incorporate by reference the allegations contained in the above Paragraphs of the Complaint as though fully restated herein.

17. Defendant AAA is the venue wherein the Arbitration occurred.

18. Defendant Zeiser is an Arbitrator, assigned by AAA to hear the Arbitration.

19. Defendants AAA is aware of the legal obligation to serve an Award on parties to a hearing. Moreover, the AAA is aware of the legal standard for service.

20. Defendant AAA is aware of the repercussions that may result in the event a party to an action is not served with an Award.

21. Despite issuing an Award on April 22, 2020, Plaintiffs did not receive same until September 1, 2020. In addition, the Plaintiffs in this action put the AAA and Zeizer on notice about their intentions to appeal the decision once the final award is issued (The Plaintiffs sent an email to the arbitrator in that respect).

22. Mr. Zeiser and through the AAA emailed the Award to an incorrect email address although the AAA and Mr. Zeiser

have Always used the correct Plaintiff's email address, it's not very clear why did the AAA send it to a wrong email address.

23. Defendant AAA took no other action to ensure Plaintiffs were served with the Award.

24. Defendant, AAA, did not confirm the Award was received by Plaintiffs.

25. Rather, Defendant, AAA, either did not care and/or simply forgot about their obligations and never effected service on Plaintiffs.

26. As a result of the foregoing failures by Defendant Plaintiffs sustained serious and irreparable injuries.

### PLAINTIFFS' THIRD CAUSE OF ACTION
### RES IPSA LOQUITOR

27. Plaintiffs reallege and reaffirm the above Paragraphs 1-26 of this Complaint as though fully restated and incorporated herein.

28. At all times material hereto, Plaintiffs were party to an Arbitration presided over by Zeiser and hosted by Defendant, AAA.

29. Following the completion of a hearing, and the preparation of an Award, Defendant, AAA, had an obligation to serve a copy of the Award on Plaintiffs.

30. Without Defendant's failure to properly serve Plaintiffs with the Award, Plaintiffs would not have suffered the damages set forth herein.

31. As a direct and proximate result of Defendant's negligence, Plaintiffs sustained serious and irreparable damages.

### PLAINTIFFS' FOURTH CAUSE OF ACTION
### PUNITIVE DAMAGES

32. Plaintiffs reallege and reaffirm the above Paragraphs 1-31 of this Complaint as though fully restated and incorporated herein.

33. Defendant, AAA, has a policy related to the service of Awards.

34. Plaintiffs were entitled, and legally required to, receive the Award from the Arbitration.

35. Defendant AAA was aware of the potential repercussions to Plaintiff if he never received the Award and/or received the Award after the period for him to appeal same had elapsed. (the time to appeal an award through the AAA is

only 3 months from the dated when the award was issued, which was April 22, 2020).

36. Defendant's actions and/or inactions were in total disregard of its duty to lawfully, effectively, and timely serve the Award upon Plaintiffs.

37. Defendant's conduct, as set forth above, was reckless, willful, wanton and/or malicious, entitling Plaintiffs to an award of punitive damages and attorney fees on all counts alleged above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court grant the following relief:

A. Order Defendant to pay actual damages, including non-economic damages, to Plaintiffs injured by the conduct of the Defendants as set forth in this Complaint.

B. Grant Plaintiffs its costs incurred in bringing this action.

C. Order Defendant to pay all court costs associated with this matter.

D. Order Defendant to pay punitive damages to Plaintiffs.

E. Grant such other relief as the court deems to be just, equitable, and appropriate.

Respectfully Submitted,

Fadi Kayyali

39171 Woodland Trail Avon, OH 44011
1-848-391-7882
fadikayyali@gmail.com

Rola Elsaadi

39171 Woodland Trail Avon, OH 44011

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable in this matter.



Common Pleas Court of Cuyahoga County, Ohio

**DESIGNATION FORM TO BE USED TO INDICATE THE CLASSIFICATION OF THE CAUSE**

Plaintiff: Fadi Kayyali & Rola Elsaad

Judge: MICHAEL P SHAUGHNESSY

Vs.

Defendant: American Arbitration Association

CV 21 944565

Has this case been previously filed and dismissed? Yes ☐ No ☒
Case #: _____ Judge: _____

Is this case related to any new cases now pending or previously filed? Yes ☒ No ☐
Case #: 01-19-0000-9077 Judge: Arbitration

**CIVIL CLASSIFICATIONS:** *Place an (X) In ONE Classification Only.*

**Professional Torts:**
☐ 1311 Medical Malpractice
☐ 1315 Dental Malpractice
☐ 1316 Optometric Malpractice
☐ 1317 Chiropractic Malpractice
☐ 1312 Legal Malpractice
☐ 1313 Other Malpractice

**Product Liability:**
☐ 1330 Product Liability

**Other Torts:**
☐ 1310 Motor Vehicle Accident
☐ 1314 Consumer Action
☐ 1350 Misc. Tort

**Workers Compensation:**
☐ 1550 Workers Compensation
☐ 1531 Workers Comp. Asbestos

**Foreclosures:**
☐ Utilize Separate Foreclosure Designation Form

**Commercial Docket:**
☐ 1386 Commercial Docket
☐ 1387 Commercial Docket with Foreclosure

**Administrative Appeals:**
☐ 1540 Employment Services
☐ 1551 Other

**Other Civil:**
☐ 1500 Replevin/Attachment
☐ 1382 Business Contract
☐ 1384 Real Estate Contract
☐ 1388 Consumer Debt
☐ 1390 Cognovit
☐ 1391 Other Contracts
☐ 1490 Foreign Judgment
☐ 1491 Stalking Civil Protection Order
☒ 1501 Misc. Other
☐ 1502 Petition to Contest Adam Walsh Act
☐ 1503 Certificate of Qualification for Employment

**Amount of Controversy:**
☐ None Stated
☐ Less than $25,000
☐ Prayer Amount 1.5 Million Dollars

**Parties have previously attempted one of the following prior to filing:**
☐ Arbitration
☐ Early Neutral Evaluation
☐ Mediation
☒ None

*I certify that to the best of my knowledge the within case is not related to any now pending or previously filed, expect as noted above.*

Firm Name (Print or type): Fadi Kayyali

Attorney of Record (Print or Type):

Address: 39171 Woodland Trail
Avon, OH 44011
Phone: 848-391-7882

Supreme Court #:

Email Address:

Signature: