UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------

| | : | |
|---|---|---|
| FADI KAYYALI, *et al.*, | : | |
| | : | Case No. 1:21-cv-718 |
| Plaintiffs, | : | OPINION AND ORDER |
| | : | [Resolving Docs. 4 & 8] |
| v. | : | |
| | : | |
| AMERICAN ARBITRATION ASSOCIATION, INC., | : | |
| | : | |
| Defendant, | : | |

-------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Fadi Kayyali and Rola El-Saadi sue Defendant American Arbitration Association, Inc., for failing to timely notify them of an adverse arbitration decision in a related case.[1] Plaintiffs claim that this late notification caused them prejudice in contesting that arbitration decision before it was enforced in federal court.[2]

On April 7, 2021, Defendant moved to dismiss the complaint, arguing that this suit is barred by arbitral immunity.[3] As of the date of this order, Plaintiffs have not opposed the dismissal motion. For the reasons stated below, the Court **GRANTS** Defendant's dismissal motion.

I. BACKGROUND

This case against the American Arbitration Association grows out of a prior case before this Court, *Alkatib v. Progressive Paralegal Services, LLC*, 1:18-cv-2859. The Court summarizes the facts of that case below:

---

[1] Doc. 1-1.
[2] *Id.*
[3] Doc. 4.

Case No. 1:21-cv-718
Gwin, J.

On December 12, 2018, non-party Ammar Alkatib sued Plaintiffs Kayyali and El-Saadi and associated corporate entities, Alkatib's former employers, alleging fraud, breach of contract, and violations of the Fair Labor Standards Act, among other things.[4] On March 20, 2019, the Court ordered the parties to arbitrate their dispute.[5]

On April 22, 2020, Daniel G. Zeiser, an arbitrator employed by Defendant, awarded Alkatib over $200,000 in damages and attorney fees against Plaintiffs Kayyali and El-Saadi.[6] Plaintiffs, however, claim that they did not learn of the decision until September 1, 2020, because arbitrator Zeiser sent a copy of the award to an incorrect email address.[7]

On April 29, 2020, Alkatib moved to enforce the arbitration award in this Court, attaching the award as a motion exhibit.[8] On June 23, 2020, the Court enforced the arbitration award without opposition from Plaintiffs Kayyali and El-Saadi.[9]

On August 21, 2020, the Clerk of the Court issued a Certificate of Judgment Lien Upon Lands and Tenements against Plaintiffs Kayyali and El-Saadi and the Court entered a judgment lien against Plaintiffs' property.[10] On September 1, 2020, Plaintiffs moved for relief from the arbitration judgment,[11] arguing that they had changed counsel around the time of the arbitration proceedings, and thereafter never received notice of the final arbitration award or any of the subsequent proceedings in this Court to enforce it.[12]

---

[4] *Alkatib v. Progressive Paralegal Servs., LLC*, Case No. 1:18-cv-2859, 2020 WL 5797990, at *1 (N.D. Ohio Sept. 29, 2020).
[5] *Id.*
[6] *Id.*
[7] Doc. 1-1 at 5–6.
[8] *Alkatib*, Doc. 33-5.
[9] *Alkatib*, 2020 WL 3447809, at *1 (N.D. Ohio June 23, 2020).
[10] *Alkatib*, 2020 WL 5797990, at *1.
[11] *Id.*
[12] *Id.*

Case No. 1:21-cv-718
Gwin, J.

On September 29, 2020, the Court denied Plaintiffs relief from the arbitration award judgment, finding:

> Parties before this Court have an affirmative duty to monitor their case dockets and provide up-to-date contact and representation information to the Court. In discharging this duty, parties are not entitled to depend on receiving email notifications from the ECF system. Nor may they be excused because of errors or dereliction of duty on the part of their attorneys. Least of all should a party be entitled to rely on his adversary to help him keep up with case filings. Because Defendants' lack of knowledge regarding the progress of the case is directly attributable to their own omissions and the omissions of their counsel, Defendants cannot demonstrate excusable neglect to justify issuance of relief from the Judgment Lien.[13]

On October 29, 2020, Plaintiffs appealed the Court's order denying judgment relief.[14] On January 27, 2021, Plaintiffs voluntarily dismissed their appeal.[15]

On March 1, 2021, Plaintiffs, out of options to contest Alkatib's arbitration award, sued the American Arbitration Association in the Cuyahoga County Court of Common Pleas.[16] Plaintiffs' lawsuit claims that arbitrator Zeiser's failure to send Plaintiffs a copy of the April 22, 2020 arbitration award until September 1, 2020, prejudiced Plaintiffs' opportunity to contest the award.[17]

On April 1, 2021, Defendant removed the case to this Court.[18] On April 7, 2021, Defendant moved to dismiss, arguing that Plaintiffs' claims are barred by arbitral immunity.[19] Plaintiffs have not opposed the dismissal motion.

## II. DISCUSSION

---

[13] *Id.* at *2.
[14] *Alkatib*, Case No. 20-4163, 2021 WL 304394, at *1 (6th Cir. 2021).
[15] *Id.*
[16] Doc. 1-1.
[17] *Id.*
[18] Doc. 1.
[19] Doc. 4.

-3-

Case No. 1:21-cv-718
Gwin, J.

To ensure the independence and impartiality of arbitrators' quasi-judicial role, arbitrators and the boards that employ them are entitled to immunity from suit for "all acts within the scope of the arbitral process."[20] This broad immunity extends to administrative actions inherent in the arbitration process.[21]

Plaintiffs' suit falls squarely within the bounds of arbitral immunity. Plaintiffs' sole ground for relief is arbitrator Zeiser's failure to send the April 22, 2020 arbitration award in favor of Alkatib to Plaintiffs.[22] Plaintiffs accordingly claim that they did not receive notice of the award until September 1, 2020.[23]

Because sending notices to arbitration parties is "within the scope of the arbitral process," Defendant is entitled to arbitral immunity.[24]

But even if Plaintiffs' claims weren't barred, they are meritless. This suit is just another attempt by Plaintiffs to foist responsibility on others for their own failure to monitor the progress of the Alkatib arbitration and litigation proceedings. Even assuming that arbitrator Zeiser failed to send Plaintiffs immediate notice of the April 22, 2020 Alkatib arbitration award, Alkatib moved to enforce the award in this Court just one week later, on April 29, 2020, attaching the arbitration award as an exhibit.[25]

---

[20] *Byrd v. Am. Arbit. Ass'n*, 2:12-cv-638, 2013 WL 1282431, at *6 (S.D. Ohio Mar. 27, 2013).
[21] *Imbruce v. Am. Arbit. Ass'n*, 15-cv- 7508, 2016 WL 5339551, at *3 (S.D.N.Y. Sept. 23, 2016) (citing *New England Cleaning Servs., Inc. v. Am. Arbit. Ass'n*, 199 F.3d 542, 545 (1st Cir. 1999)).
[22] Doc. 1-1.
[23] *Id.*
[24] *Byrd*, 2013 WL 1282431, at *6.
[25] *Alkatib*, Case No. 1:18-cv-2859, Doc. 33-5 (N.D. Ohio Apr. 29, 2021).

-4-

Case No. 1:21-cv-718
Gwin, J.

Despite that clear constructive notice, Plaintiffs failed to contest Alkatib's enforcement motion for nearly two months before the Court entered its enforcement order on June 23, 2020.[26] For the reasons explained in the order denying Plaintiff's relief from the arbitration award judgment, Plaintiffs have only themselves to blame for any lost opportunity to contest the Alkatib arbitration award.[27]

### III. CONCLUSION

For these reasons, the Court **GRANTS** Defendants' dismissal motion.

IT IS SO ORDERED.

Dated: August 6, 2021      *s/ James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[26] *Alkatib*, 2020 WL 5797990, at *2 (N.D. Ohio Sept. 29, 2020).
[27] *Id.*